# In the United States Court of Federal Claims

No. 19-1665C

(Filed: February 5, 2020)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
| JOHN E. MEDVED,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## OPINION AND ORDER

WHEELER, Judge.

  In this case, John Medved, a *pro se* plaintiff, alleges that the United States Parole Commission ("USPC") unlawfully detained him for two and a half years. Now before the Court is the Government's motion to dismiss for lack of subject-matter jurisdiction, pursuant to Rules of the United States Court of Federal Claims ("RCFC") 12(b)(1). For the reasons explained below, the Court GRANTS the Government's motion to dismiss Mr. Medved's complaint.

### Background

  Mr. Medved, who was released from federal prison on parole in 2007, alleges that USPC supervised him for two and a half years longer than allowed by statute. Dkt. No. 1 at 1–2. Mr. Medved claims USPC should have released him from parole in 2012 and argues that USPC's failure to do so until 2015 constituted an unlawful detainment. Dkt. No. 1 at 1–2. Mr. Medved seeks monetary damages for the additional two and a half years of federal parole. Dkt. No. 1 at 2.

  Prior to this complaint, Mr. Medved filed a complaint against USPC in the Northern District of Ohio seeking relief on the same operative facts. See Medved v. United States,

7018 2290 0000 5183 8389

No. 4:16-CV-2334, 2017 WL 6731495 (N.D. Ohio Dec. 29, 2017). The district court dismissed his complaint and the Sixth Circuit affirmed the dismissal. See Medved v. United States, No. 18-3626, 2019 WL 3010790, at *2 (6th Cir. June 28, 2019).

On October 25, 2019, Mr. Medved filed his complaint with this Court. Dkt. No. 1. Counsel for the Government filed a Motion to Dismiss on December 23, 2019. Dkt. No. 9. Mr. Medved filed a response opposing the Government's motion on January 22, 2020. Dkt. No. 10. On January 28, 2020, Counsel for the Government filed a reply to Mr. Medved's response. Dkt. No. 11. This issue is now fully briefed and ready for a decision.

## Discussion

### I. Standard of Review

"In deciding a motion to dismiss for lack of subject matter jurisdiction, the Court accepts as true the complaint's undisputed factual allegations and construes the facts in the light most favorable to the plaintiff." All Fla. Network Corp. v. United States, 82 Fed. Cl. 468, 472 (2008). "The party asserting jurisdiction bears the burden of proof by a preponderance of the evidence." Id. Before a court can proceed to hear the merits of a case, jurisdiction must be established. Nasharr v. United States, 105 Fed. Cl. 115, 117 (2012). "Courts are presumed to lack subject matter jurisdiction unless it is affirmatively indicated by the record." Id. Even a *pro se* plaintiff must affirmatively plead the Court's jurisdiction. Any jurisdictional failures are not excused. See, e.g., Kelley v. Sec'y, U.S. Dep't of Labor, 812 F.2d 1378, 1380 (Fed. Cir. 1987) (noting that while courts should grant leniencies with respect to "mere formalities," a court cannot "similarly take a liberal view of [a] jurisdictional requirement and set a different rule for *pro se* litigants only"); Nasharr, 105 Fed. Cl. at 117 (explaining "the filings of *pro se* plaintiffs receive less leniency vis-à-vis jurisdictional requirements").

### II. Subject-Matter Jurisdiction

The Tucker Act confers jurisdiction upon the Court to hear cases involving "claims for money damages against the United States founded either upon the Constitution, or any act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act "does not create a substantive cause of action." Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005). Instead, a "plaintiff must identify a separate source of substantive law that creates the right to money damages." Id.

This means the source must be money-mandating. See United States v. Mitchell, 463 U.S. 206, 219 (1983). A statute or regulation is money-mandating "if it can fairly be interpreted as mandating compensation for damages sustained as a result of the breach of

duties it imposes." Id.  If the source is not money-mandating, the Court must dismiss the case for lack of subject-matter jurisdiction.  See Fisher, 402 F.3d at 1172.  Claims sounding in tort law and criminal law are not money-mandating.  See Gump v. United States, 482 F. App'x 588, 590 (Fed. Cir. 2012) (citing Brown v. United States, 105 F.3d 621, 623 (Fed. Cir. 1997) and Joshua v. United States, 17 F.3d 378, 379 (Fed. Cir. 1994)).  Although Fifth Amendment claims under the Takings Clause do mandate the spending of money, those grounded in the Due Process Clause do not.  See Gump, 482 F. App'x at 590 (citing LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995)).

Here, none of Mr. Medved's claims create the right to money damages.  Mr. Medved alleges unlawful detainment and cites to 28 CFR § 2.43, but neither requires the Government to spend money: unlawful detainment sounds in tort and 28 CFR § 2.43 relates to criminal law.  See Dkt. No. 1 at 1–2; Gump 482 F. App'x at 590.  Mr. Medved invokes additional claims in his response opposing the Government's motion to dismiss, but these claims, which allege equal protection and due process violations, fall under the Fifth Amendment's Due Process Clause. Dkt. No. 10 at 3; see Gump 482 F. App'x at 590.  Even if Mr. Medved's allegations are true, the Court lacks subject-matter jurisdiction over his claims because they do not create a right to money damages, as required under the Tucker Act.  See 28 U.S.C. § 1491(a)(1); Gump 482 F. App'x at 590; Dkt. Nos. 1, 10.  Therefore, the Court must dismiss Mr. Medved's claims.

## Conclusion

For the reasons stated above, the Court GRANTS the Government's motion to dismiss Mr. Medved's complaint.

IT IS SO ORDERED.

THOMAS C. WHEELER
Judge